**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BOURAHIMA QUATTARA, : | | |
| : | | **Hon. Stanley R. Chesler** |
| Petitioner, : | | |
| : | | Civil No. 12-0263 (SRC) |
| v. : | | |
| : | | |
| U.S. CITIZENSHIP & IMMIG. SVS., : | | **O P I N I O N** |
| : | | |
| Respondents. : | | |

**APPEARANCES**:

    BOURAHIMA QUATTARA, #30164-050
    FCI Allenwood
    P.O. Box 2000
    White Deer, PA  17887
    Petitioner Pro Se

**CHESLER**, District Judge:

    Bourahima Quattara ("Petitioner"), an inmate incarcerated at FCI Allenwood in White Deer, Pennsylvania, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging a detainer lodged by Immigration and Customs Enforcement on the ground that he derived citizenship pursuant to the Child Citizenship Act of 2000.  This Court will summarily dismiss the Petition for lack of jurisdiction under § 2241, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court.[1]

---

    [1] This Court has not evaluated the merits of any action seeking a declaration that Petitioner derived citizenship pursuant to the Child Citizenship Act of 2000.

# I.  BACKGROUND

On June 1, 2010, this Court sentenced Petitioner to a 63-month term of incarceration based on his guilty plea to bank robbery by force or violence.  See United States v. Quattara, Crim. No. 09-0923 (SRC) (D.N.J. June 1, 2010).  On January 4, 2012, Petitioner executed a pleading labeled as a Petition for Writ of Habeas Corpus under § 2241.  The Clerk received and filed the Petition on January 12, 2012.  Petitioner asserts in this § 2241 Petition:

> The petitioner was committed on 6/1/2010 at F.C.I. Allenwood Medium where petitioner was advised by unit manager that there was a pending Immigration detainer being held under petitioner's name.
>
> On November 2010 petitioner was interviewed and fingerprinted by Immigration and Customs Enforcement officers to resolve any problems with petitioner's status in the United States.  The Immigration and Customs Enforcement officer (interviewer) advised petitioner that "according to Immigration files and records petitioner is **automatically** a United States Citizen via the **Child Citizenship Act of 2000 ("CCA")**; although to acquire the citizenship petitioner would have to apply a N-600 Form (application for Certificate of Citizenship) which would be given to petitioner on a later date."
>
> On February 2011 petitioner received the N-600 Form from the Immigration and Customs Enforcement officer.  Petitioner then completed the form and mailed the form along with prove of automatic citizenship to U.S. Bice [sic] Department Of Immigration and Customs in White Deer, P.A.
>
> \*                              \*                              \*
>
> The issue is clear.  8 U.S.C. § 1447(b) provides that a naturalization applicant can bring a petition to the district court when United States citizenship and Immigration services (USCIS) has not decided the application for more than 120 days after. [582 F. 3d 404] the initial examination of the applicant, The district court has jurisdiction over the matter with appropriate instructions to the service to determine the matter.
>
> THEREFORE DEMAND is hereby made to the United States District Court (Newark, New Jersey) as well s[i]multaneous DEMAND to THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) to grant petitioner's Certificate of Citizenship remove detainer held under Petitioner's name.

> NOTE:  Due to this detainer there are adverse[] effects in program[m]ing, Halfway house release, prison transfers, participation in institutional trades, and a 7 level severity classification points that prevents petitioner from having access to U.S. Citizen rights.

[Dkt. 1 at -3.]

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

3

### III.  DISCUSSION

A. Habeas Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Here, Petitioner filed a § 2241 petition challenging an immigration detainer on the ground that he automatically derived citizenship through the Child Citizenship Act of 2000, codified at 8 U.S.C. § 1431.[2]  The Third Circuit Court of Appeals has not determined in a published opinion

---

[2] Section 1431(a) provides that "[a] child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

(2) The child is under the age of eighteen years.

(3) The child is residing in the United States in the legal and physical custody of the
(continued...)

when the lodging of an immigration detainer satisfies the "in custody" jurisdictional requirement under § 2241, cf. Chehazeh v. Attorney General of U.S., ___ F. 3d ___, 2012 WL 77881 *4-5 (3d Cir. Jan. 11, 2012), but the unpublished opinion in Henry v. Chertoff, 317 Fed. App'x 178 (3d Cir. 2009), is instructive.  Henry, a federal inmate, filed a civil rights complaint challenging an immigration detainer on the ground that he was a United States citizen.  The District Court dismissed the complaint and Henry appealed.  The Third Circuit construed the pleading as a § 2241 petition challenging the lodging of a detainer, defined as "an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." Id. at 179 n.1 (quoting Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)).  So construing the pleading, the Third Circuit affirmed its dismissal:

> In order to invoke habeas jurisdiction, Henry must demonstrate that he was "in custody" pursuant to 28 U.S.C. § 2241(c)(3).  Custody is measured as of the time that the petition was filed.  When Henry filed his complaint . . . , he was serving his federal criminal sentence.  He failed to demonstrate that he was being held pursuant to the detainer, that he was subject to a final order of removal, or even that removal proceedings had been initiated.  Under these circumstances, we cannot conclude that Henry was "in custody."  See, e.g., Zolicoffer v. United States Dep't of Justice, 315 F. 3d 538, 541 (5th Cir. 2003) ("agree[ing] with the majority of the circuit courts considering this issue and hold[ing] that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.")  Therefore, the District Court properly dismissed Henry's complaint.  The District Court's dismissal was without prejudice, and, if circumstances warrant, Henry may still appropriately challenge his detention and/or nationality status.

---

[2](...continued)
citizen parent pursuant to a lawful admission for permanent residence."

8 U.S.C. § 1431(a).

Henry, 317 Fed. App'x at 179-80 (citations and footnotes omitted).[3]

Here, like Henry, Petitioner has not demonstrated on the face of the Petition that he is being held pursuant to a detainer seeking custody, that he is subject to a final order of removal, or that removal proceedings have been initiated.  This Court cannot conclude that Petitioner is "in custody."  This Court will therefore dismiss the Petition for lack of jurisdiction under § 2241.

B.  Jurisdiction Under 8 U.S.C. § 1447(b)

Petitioner refers in the body of the Petition to 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

---

[3] In Cohen v. Lappin, 402 Fed. App'x 674 (3d Cir. 2010), the Third Circuit affirmed the District Court's dismissal of a § 2241 petition filed by a federal prisoner challenging the lodging of an immigration detainer:  "To the extent that Cohen seeks to challenge the detainers he claims have been lodged against him we agree with the District Court that Cohen is not 'in custody' pursuant to those detainers so as to seek relief pursuant to § 2241."  Id. at 676 (citing Zolicoffer v. United States Dep't of Justice, 315 F. 3d 538, 540-41 (5th Cir. 2003)) ("prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"); accord Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir. 1994) ("the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available" where it does not ask "the warden to do anything but release Garcia at the end of his term of imprisonment"); Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir. 1990) (petitioner not "in custody" where INS "detainer notice does not claim the right to take a petitioner into custody in the future nor does it ask the warden to hold a petitioner for that purpose"); Orozco v. Immigration and Naturalization Service, 911 F.2d 539, 541 (11th Cir. 1990) ("filing of the detainer, standing alone, did not cause Orozco to come within the custody of the INS"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (where detainer "merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date . . . filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS").

Section 1446 concerns an application for naturalization. Sections 1446 and 1447 may not apply to Petitioner, however, because he is seeking a certificate of derivative citizenship through 8 U.S.C. § 1431, rather than applying for naturalization under § 1446. To the extent that § 1447(b) applies to Petitioner's application for a certificate of derivative citizenship, the section gives jurisdiction to the "district court for the district in which the applicant resides." 8 U.S.C. § 1447(b). Since Petitioner does not reside in the District of New Jersey, this Court will not construe the pleading as an application for a hearing on an application for naturalization under § 1447(b).

This Court further notes that Petitioner "might be able to obtain review of his [derivative citizenship] claim by filing a declaratory judgment action" in the appropriate District Court.[4] Abreu-Mejia v. Attorney General of U.S., 393 Fed. App'x 918, 920 n.1 (3d Cir. 2010). In light of differences in the filing fees, this Court will not re-characterize Petitioner's expressly labeled § 2241 Petition as a complaint seeking a declaratory judgment.[5] See Cohen v. Lappin, 402 Fed. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize § 2241 petition as civil complaint). However, nothing in this Opinion should be read as precluding Petitioner from filing a civil action in the appropriate court.

---

[4] Venue may lie in the District where Petitioner is confined and/or where he submitted his N-600 form, i.e., White Deer, Pennsylvania. See 28 U.S.C. §§ 1391(e) & 1402(a)(1).

[5] The filing fee for a habeas petition is $5 and the filing fee for a complaint is $350, which is deducted from a prisoner's trust fund in monthly installments if the prisoner is granted in forma pauperis status. See 28 U.S.C. § 1915(a) & (b). Furthermore, the Petition does not contain sufficient factual allegations for a declaratory judgment complaint.

## III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

                                                     s/Stanley R. Chesler
                                                     STANLEY R. CHESLER
                                                     United States District Judge

DATED: February 2, 2012